## 31515. WILLIAMSON v. SCHMID et al.

INGRAM, Justice.

This appeal is from an order of DeKalb Superior Court which ruled adversely to appellant in his suit for declaratory judgment, injunction and mandamus against the DeKalb County Board of Elections. Appellant is an incumbent member of the DeKalb County Board of Education and contends that his election in 1972 was for a six-year term of office. After a hearing, the trial court ruled that the term of office was four years.

Appellant cites ten enumerations of error. However, the decisive issue all of them present is whether Art. VIII, Sec. V, Par. II, Constitution of Georgia (Code Ann. § 2-6802 (Rev. 1973)), is permissive or mandatory as it relates to the requirement that local laws affecting school boards be approved by referendum.

Code Ann. § 2-6802 was ratified in 1966, and it states: *"Notwithstanding* provisions contained in Article VIII, Section V, Paragraph I [Section 2-6801] of this Constitution, or in any local constitutional amendment applicable to any county school district, the number of members of a county board of education, *their term of office,* residence requirements, compensation, manner of election or appointment, and the method for filling vacancies occurring on said boards, *may hereafter be changed by local or special law, conditioned upon approval by a majority of the qualified voters of the county school districts voting in a referendum thereon.* Members of county boards of education shall have such powers and duties and such further qualifications as may be provided by law." (Emphasis supplied.) We think this provision is permissive and we affirm.

Prior to 1947, school boards statewide were selected by each county grand jury in accordance with the Constitution. Code Ann. § 2-6801 (Rev. 1973). In 1948, a *local* constitutional amendment to § 2-6801 was ratified which authorized an elective school board in DeKalb County and permitted the General Assembly to provide for the operation of the board by local law. Ga. L. 1947, p. 1753. The General Assembly was specifically authorized to fix the term of office of board members. Id. at 1754. (This

amendment was clarified, but not changed, by subsequent amendment. Ga. L. 1962, p. 998). Pursuant to the 1948 amendment, the General Assembly later set the term of office of board members at five years. Ga. L. 1949, pp. 1241, 1243. Again, in 1963, the General Assembly changed the term of office by increasing it to six years. Ga. L. 1963, pp. 3424, 3428.

In 1966, the constitutional amendment found in Code Ann. § 2-6802 was ratified and became applicable statewide. In 1969, the General Assembly, by local law, reduced the term of office in DeKalb County to four years. Ga. L. 1969, pp. 3586, 3587. This Act made no provision for, and was not approved by, a referendum. In 1976, a referendum proposing extensive changes in the DeKalb School Board was provided. Ga. L. 1975, p. 2752. Section 2 (a) of this referendum referred to the term of office as four years. Id. at 2756. This referendum was defeated by the electorate on May 4, 1976.

Appellant contends that this statewide constitutional amendment, Code Ann. § 2-6802, is mandatory and allows local laws affecting school boards to take effect only when approved by referendum. It is claimed that the 1969 statute for DeKalb, prescribing a term of four years, is unconstitutional because there was no referendum. Therefore it is urged that this law is a "Legislative [act] in violation of [the] Constitution. . ." Code Ann. § 2-402 (Rev. 1973). If this is true, then the 1963 law, which set the term of office at six years, remains in effect. In support of this argument, appellant points to the 1976 referendum as evidence that the General Assembly recognized that Code Ann. § 2-6802, the 1966 statewide constitutional amendment, is mandatory.

Appellees argue that Code Ann. § 2-6802 is merely permissive and was added to the Constitution to provide for a procedure to implement changes to school boards without resort to local amendments to Code Ann. § 2-6801. Since referendums are permitted, but not required, the 1969 law passed pursuant to the 1947 local amendment was constitutional and was effective to reduce the term of office of DeKalb School Board members. As to the 1976 referendum, appellees contend that its purpose was to propose extensive changes in

election procedures and not to seek approval for a change in the term of office of school board members.

At the heart of this dispute is the interpretation to be given two phrases in Code Ann. § 2-6802. The first phrase states: *"Notwithstanding* provisions contained in . . . [§ 2-6801] of this Constitution, or in any local constitutional amendment. . ." The second phrase provides, after stating certain incidents of school boards including term of office, that changes ". . . may hereafter be [made] by local or special law conditioned upon approval . . . in a referendum thereon."

When interpreting words used in the Constitution the presumption is that they were used according to their "natural and ordinary meaning." *Clarke v. Johnson,* 199 Ga. 163, 164 (33 SE2d 425) (1945); *Rayle Electric Membership Corp. v. Cook,* 195 Ga. 734 (2) (25 SE2d 574) (1943). The natural and ordinary meaning of the word "notwithstanding" is "without obstruction from" or "in spite of." Webster's Third New International Dictionary (Unabridged) (1971). Application of this definition to Code Ann. § 2-6802 would mean that it was not intended as the exclusive method for effecting changes in school board terms. The word "notwithstanding" does not indicate here any repugnancy among the constitutional provisions. Cf. *Hawes v. Dinkler,* 224 Ga. 785, 789 (164 SE2d 799) (1968). The word "may" when used in constitutional provisions is generally construed as permissive. *Foster v. Brown,* 199 Ga. 444, 450 (34 SE2d 530) (1945). In our opinion, therefore, the natural and ordinary meaning of Code Ann. § 2-6802 is to provide several procedures for effecting changes in local school boards: (1) the procedure set out in Code Ann. § 2-6801; (2) local legislation enacted pursuant to local constitutional amendments to Code Ann. § 2-6801 such as Ga. L. 1947, p. 1753, pertaining to DeKalb County; and (3) referendums in accordance with Code Ann. § 2-6802.

Of course, if the intention of the General Assembly can be shown to be otherwise, it will control. In this regard, appellant argues that the inclusion of a reference to term of office in the 1976 referendum manifests the legislature's intent that Code Ann. § 2-6802 be considered as mandatory. We do not believe this is correct for two

reasons. First, a reading of Ga. L. 1975, p. 2752 et seq., makes clear that any mention of the length of the term of office was peripheral to other extensive changes proposed. Second, the 1976 referendum is not sufficiently contemporaneous to Code Ann. § 2-6802 to be considered evidence of the General Assembly's intentions. See *Park v. Candler,* 114 Ga. 466 (10) (40 SE 523) (1901). We believe it is more instructive to consider legislative action taken on the heels of the ratification of Code Ann. § 2-6802. In the years 1967 and 1968, thirty-eight pieces of legislation were enacted concerning local school boards. All but four were referendums. The four local laws were enacted without referendum under the authority of local constitutional exceptions to Code Ann. § 2-6801. See Ga. L. 1967, p. 2370, and Ga. L. 1966, p. 764; Ga. L. 1967, p. 3152 and Ga. L. 1957, p. 522; Ga. L. 1968, p. 2077 and Ga. L. 1966, p. 889; Ga. L. 1968, p. 3653 and Ga. L. 1872, p. 456. The intent that Code Ann. § 2-6802 was not designed to destroy powers granted the General Assembly prior to its enactment is manifest.

We hold, therefore, that Code Ann. § 2-6802 is permissive and does not restrict the authority of the General Assembly to enact local laws pertaining to school boards under the authority of prior amendments to Code Ann. § 2-6801; and, that the present term of office of appellant and other members of the DeKalb School Board is four years as established by Ga. L. 1969, p. 3586. The judgment of the trial court is correct.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1976 — DECIDED SEPTEMBER 28, 1976.

*Larry W. Thomason,* for appellant.
*J. Byron Wyndham,* amicus curiae.
*Harvey, Willard & Elliott, Wendell K. Willard, Arthur K. Bolton, Attorney General,* for appellees.