## A06A2226. VELAZQUEZ v. THE STATE.
(643 SE2d 291)

BARNES, Chief Judge.

Rodolfo Lopez Velazquez appeals the sentence of life without parole imposed after he pled guilty[1] to the rape of his seven-year-old stepdaughter. He contends the trial court did not have authority to impose a sentence of life without parole because the State did not seek the death penalty in his case. We agree.

Our Supreme Court held in *State v. Ingram*, 266 Ga. 324, 326, n. 7 (467 SE2d 523) (1996), that a life sentence without parole was authorized only in cases in which the State first sought the death penalty, and we are bound to follow that precedent. Moreover, as we explained in *Johnson v. State*, 280 Ga. App. 341, 346 (6) (634 SE2d 134) (2006), on its face

OCGA § 16-6-1 (b) would seem to authorize the punishment of life without parole because it states:

(a) person convicted of the offense of rape shall be punished by death, by imprisonment for life without parole, by imprisonment for life, or by [a split sentence that is a term of] imprisonment for not less than [25 years and not exceeding life imprisonment, followed by probation for life]. Any person convicted under this Code section shall, in addition, be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 (Punishment for serious violent offenders) and 17-10-7 (Punishment of repeat offenders; punishment and eligibility for parole of persons convicted of fourth felony offense).

Nevertheless, in the Code section authorizing sentences to imprisonment for life without parole, OCGA § 17-10-16 (a), the General Assembly provided that "(n)otwithstanding any other provision of law, a person who is convicted of an offense committed after May 1, 1993, for which the death penalty may be imposed under the laws of this state may be sentenced to death, imprisonment for life without parole, or life imprisonment as provided in Article 2 of this chapter." Id. Article 2 of Chapter 10 of Title 17 of our Code is entitled "Death Penalty Generally" and OCGA § 17-10-30.1, governing imposition of sentences of imprisonment for life without

---

[1] Velazquez also pled guilty to the aggravated sodomy of the child and was sentenced to serve 30 years in prison with the sentence to be concurrent to the sentence for rape.

parole, is found in that Article. Therefore, a sentence of life without parole is tied to the imposition of the death penalty, and, consequently, *State v. Ingram*, supra, excludes the possibility of the trial court imposing such a sentence in this case.

Therefore, as Velazquez was not otherwise eligible for imposition of a sentence of life without parole as a recidivist, we must vacate this portion of the sentence and remand the case to the trial court for resentencing.

Although we recognize the inconsistency between the authority for imposing a sentence of life without parole in OCGA § 16-6-1 (b) and the limitation on imposing that sentence in OCGA § 17-10-16 (a), only the General Assembly has the power to rectify that problem.

*Judgment vacated and case remanded. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 5, 2007 — ▮

*Billy M. Grantham*, for appellant.

*Joseph K. Mulholland, District Attorney, Jeffrey L. Williamson, Charles M. Stines, Gun Ju Pak, Assistant District Attorneys*, for appellee.