ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 3, 2008

Mr. Robert Scott
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0641

Re: Proper formula under section 21.402, Education Code, for determining the required contributions by a school district to the Teacher Retirement System for compensation that exceeds the statutory minimum (RQ-0663-GA)

Dear Commissioner Scott:

Texas Government Code section 825.405(a) requires a school district to pay to the Teacher Retirement System a contribution for certain employees who receive more than the minimum salary under provisions of the Education Code. You ask us to advise you on the

> proper construction of the Texas Education Code, Section 21.402, to determine the minimum salary to be used in accordance with the Texas Government Code, Section 825.405, to calculate the required contributions by school districts to the Teacher Retirement System for compensation above the statutory minimum salary[.][1]

To address your question, we begin with title 8, subtitle C of the Government Code, which contains provisions governing the Teacher Retirement System ("TRS"). *See* TEX. GOV'T CODE ANN. §§ 821.001–830.205 (Vernon 2004 & Supp. 2007) (title VIII, subtitle C). Individual members of TRS contribute a percentage of their compensation into the TRS benefit system. *See id.* § 825.403(a) (Vernon Supp. 2007) (providing for a 6.4 percent member contribution); *see also id.* §§ 821.002 (Vernon 2004) (stating that a purpose of subtitle C is to "establish a program of benefits for members"), .008 (stating that a purpose of the retirement system is to "deliver the benefits provided by statute"), 824.001–.807 (Vernon 2004 & Supp. 2007) (providing for service retirement, disability retirement, and death benefits). The State of Texas is also required to make a contribution to TRS. *See* TEX. CONST. art. XVI, § 67(b)(1) (requiring the state to establish a Teacher Retirement System), (b)(3) (requiring the state to contribute not "less than six percent nor more than 10 percent of the

---

[1]Letter from Mr. Robert Scott, Commissioner of Education, Texas Education Agency, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Dec. 21, 2007) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

aggregate compensation paid to individuals participating in the system"); TEX. GOV'T CODE ANN. §§ 825.404(a) (Vernon Supp. 2007) (providing for state contribution in amount of "at least six and not more than 10 percent"), .404(a-1) (establishing rate for "the state fiscal biennium beginning September 1, 2007" in an amount "equal to 6.58 of the aggregate annual compensation of all members of the retirement system during that fiscal year").

In section 825.405, the Legislature requires a school district to pay a portion of the state's contribution.[2] *See* TEX. GOV'T CODE ANN. § 825.405(a) (Vernon 2004). The amount required of the employing school district is the "state's contribution on the portion of the member's salary that exceeds the statutory minimum." *Id.* § 825.405(a). Section 825.405(b) provides the formula by which the statutory minimum salary is determined, which is

> the statutory minimum salary is the salary provided by Section 21.402 . . . , Education Code, multiplied by the cost of education adjustment applicable under Section 42.102, Education Code, to the district in which the member is employed.

*Id.* § 825.405(b). Your question requires us to construe Education Code section 21.402 and determine the minimum salary that is used as a basis to calculate the school district's contribution under Government Code section 825.405(b). Education Code section 21.402 provides in relevant part:

> (a)  Except as provided by Subsection (d), (e), or (f), a school district must pay each classroom teacher, full-time librarian, full-time counselor . . ., or full-time school nurse not less than the minimum monthly salary, based on the employee's level of experience in addition to other factors, as determined by commissioner rule, determined by the following formula:
>
> where: MS=SF x FS
>
> "MS" is the minimum monthly salary
> "SF" is the applicable salary factor specified by Subsection (c); and

---

[2]A brief received in connection with your request raises the argument that an improper construction of section 21.402 may be unconstitutional. *See* Brief from David Thompson, Bracewell & Giuliani, LLP, to Nancy Fuller, Chair, Opinion Committee, Office of Attorney General, at 1–5 (Feb. 15, 2008) (on file with the Opinion Committee). The brief argues that article XVI, section 67's requirement that the state contribute six percent of the aggregate salaries is violated if section 21.402 is construed to not include the salary increase in section 21.402(c-1) because the biennium rate of 6.56 percent multiplied by the smaller amount "is likely to result in a State contribution to TRS of less tha[n] 6% of aggregate salaries." *See id.* at 6. Because consideration of that constitutional question requires consideration of facts, it is one we cannot address. *See* Tex. Att'y Gen. Op. No. GA-0317 (2005) at 9 (stating in constitutional question context that "[t]his office cannot find facts or resolve questions in an attorney general opinion"). In addition, you do not ask us to consider any constitutional questions but instead ask us only to construe section 21.402 and determine the proper formula under that section. *See generally* Request Letter, *supra* note 1. Accordingly, we limit our opinion to your question.

"FS" is the amount, as determined by the commissioner under Subsection (b), of state and local funds per weighted student, [as further specified]

(b) . . . .

(c) [listing as the salary factors per step a multiplier figure for years of experience from 0 years to 20 years and over]

(d) A classroom teacher, full-time librarian, full-time counselor . . ., or a full-time school nurse employed by a school district in the 2006– 2007 school year is, as long as the employee is employed by the same district, entitled to a salary that is at least equal to the salary the employee received for the 2006-2007 school year.

TEX. EDUC. CODE ANN. § 21.402 (Vernon Supp. 2007).

Section 21.402, subsection (c-1), which expired on September 1, 2007, is also relevant to your question. Subsection (c-1), adopted by the Seventy-ninth Legislature, provided that

(c-1) Notwithstanding Subsection (a), for the 2006-2007 school year, a classroom teacher, full-time librarian, full-time counselor . . . , or full-time school nurse is entitled to a monthly salary that is at least equal to the sum of:

(1) the monthly salary the employee would have received for the 2006-2007 school year under the district's salary schedule for the 2005-2006 school year, if that schedule had been in effect for the 2006-2007 school year, including any local supplement and any money representing a career ladder supplement the employee would have received in the 2006-2007 school year; and

(2) $250.

Act of May 12, 2006, 79th Leg., 3d C.S., ch. 5, § 4.05, 2006 Tex. Sess. Law Serv. 45, 81 (expiring September 1, 2007). Subsection (c-1) afforded the specified personnel a monthly $250 salary increase. *See id.* By providing that the specified personnel who remain employed with the same school district are entitled to a salary "at least equal to the salary the employee received [for the school year that included the monthly $250 increase]," subsection (d) arguably perpetuates, at least in some instances, the additional salary amount from subsection (c-1). TEX. EDUC. CODE ANN. § 21.402(d) (Vernon Supp. 2007); *see also* Request Letter, *supra* note 1, at 4 (stating interpretation suggested by some school districts). We must determine whether the part of the calculation under section 825.405, Government Code, involving the "salary provided by Section 21.402" includes the salary increase specified by section 21.402(c-1) and presumably continued by section 21.402(d).

In construing Government Code section 825.405 and Education Code section 21.402, our primary objective is to ascertain the Legislature's intent. *See In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007). That intent is best determined by the plain meaning of the words used in the statute. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). If the statute is clear and unambiguous, we must give effect to the statute according to its terms. *See id.* On the other hand, when the language is ambiguous or a construction would lead to absurd results, we may consider other extrinsic aids. *See id.*; *see also* TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005).

The language of section 825.405, Government Code, and section 21.402, Education Code, expressly refers to the "minimum salary." Section 825.405(a) lists certain positions for whom the employing school district must pay a portion of the state's TRS contribution. *See* TEX. GOV'T CODE ANN. § 825.405(a) (Vernon 2004). Those individuals employed in one of the listed positions are "entitled to the minimum salary." *Id.* The school district's contribution is based on the "portion of the member's salary that exceeds the statutory minimum." *Id.* The "statutory minimum salary" is defined, in part, as the "salary provided by Section 21.402." *Id.* § 825.405(b). Using similar "minimum salary" language, Education Code, section 21.402(a) supplies the formula by which the minimum monthly salary is determined for the specified personnel. *See* TEX. EDUC. CODE ANN. § 21.402(a) (Vernon Supp. 2007) ("[A] school district must pay . . . not less than the minimum monthly salary, based on [specified factors], determined by the following formula . . . ."). By contrast, expired section 21.402(c-1) does not expressly provide for a "minimum salary." *See* Act of May 12, 2006, 79th Leg., 3d C.S., ch. 5, § 4.05, 2006 Tex. Sess. Law Serv. 45, 81. Nor does section 21.402(d). *See* TEX. EDUC. CODE ANN. § 21.402(d) (Vernon Supp. 2007). The similarity in language in section 825.405, Government Code, and section 21.402(a), Education Code, indicates that the minimum salary in section 825.405 refers to the amount exclusively established by section 21.402(a).

Additionally, the formula supplied by section 21.402(a) supports our observation regarding the textual relationship between section 825.405 and section 21.402(a). The statutory minimum salary provided by section 21.402(a) is defined by a numerical formula: $MS = SF \times FS$. *See id.* § 21.402(a). The "MS" or "minimum monthly salary" in section 21.402(a) is the product of the value of "SF" times "FS." *Id.* The value of "SF" is the "applicable salary factor specified by Subsection (c)." *Id.* By its terms, the value of "SF" does not expressly include subsection (c-1). *See id.* (providing for the "applicable salary factor specified by Subsection (c)"). Nor can the reference to subsection (c) to the value of "SF" be construed broadly to encompass other subsections. The value of "SF" calls for the "salary factor." *Id.* And subsection (c) provides the "salary factors per step." *See id.* § 21.402(c). Subsection (c) is a table of multiplying factors for steps of years of experience. *See id.* In contrast, subsection (c-1) provided for an amount, not a multiplying "factor." *See* Act of May 12, 2006, 79th Leg., 3d C.S., ch. 5, § 4.05, 2006 Tex. Sess. Law Serv. 45, 81 (expired September 1, 2007). Finally, subsection (c-1) is an independent subsection and not a further subdivision of subsection (c). *See id.* By the plain language of the section 21.402(a) formula for the minimum monthly salary, the part of the formula represented by the value for "SF" does not include the salary increase from section 21.402(c-1).

Similarly, the other part of the section 21.402(a) formula—the "FS"—does not include section 21.402(c-1). The value for "FS" is defined as the "amount, as determined by the

commissioner under Subsection (b), of state and local funds per weighted student, [as further specified by various references to sections in chapter 42, Education Code]." TEX. EDUC. CODE ANN. § 21.402(a) (Vernon Supp. 2007). Like the value for "SF," the definition of the value for "FS" does not expressly refer to or include amounts from subsection (c-1). *See id.* Instead it is defined as an amount of money derived through calculations under the Foundation School Program under chapter 42.[3] *See id.*

Moreover, the language of section 21.402(c-1) itself suggests that its salary increase is not included in section 21.402's calculation of the minimum salary for the purpose of section 825.405. Section 21.402(c-1) provided that the specified personnel's monthly salary is the sum of that amount to which an employee would be entitled under the "district's salary schedule" and $250. Act of May 12, 2006, 79th Leg., 3d C.S., ch. 5, § 4.05, 2006 Tex. Sess. Law Serv. 45, 81 (section (c-1) expired September 1, 2007). The "district's salary schedule" is different from the "statutory minimum salary" referred to in section 825.405 and the "minimum monthly salary" in section 21.402(a). Additionally, section 21.402(c-1) contains the limitation: "Notwithstanding Subsection (a), for the 2006-2007 school year." *Id.* The term "notwithstanding" in common usage means "without obstruction from" or "in spite of." *See State v. Pub. Util. Comm'n*, 110 S.W.3d 580, 586 (Tex. App.—Austin 2003, no pet.) (defining "notwithstanding" to mean "despite" or "in spite of"); *see also* Tex. Att'y Gen. Op. No. GA-0099 (2003) at 5 (citing *Williamson v. Schmid*, 229 S.E.2d 400, 402 (Ga. 1976) and *King v. Sununu*, 490 A.2d 796, 800 (N.H. 1985)). Thus, subsection (c-1) operates "without obstruction from" or "in spite of" subsection (a). In essence, subsection (c-1) provides the salary increase to the specified personnel for the 2006–2007 school year despite the monthly minimum salary established by the formula in subsection (a). And by expressly providing that subsection (c-1) prevails over subsection (a), the Legislature anticipated that the two provisions may conflict with each other. Because subsection (c-1) conflicts with subsection (a), it logically cannot be included within subsection (a).

The language of section 21.402(a) establishes the formula for the "minimum monthly salary" and makes no provision for including in that salary calculation the increase from section 21.402(c-1). We, therefore, need not utilize extrinsic methods to further construe section 21.402. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 626 (Tex. 2008) (stating that it is inappropriate to resort to extrinsic aids when the language of the statute is clear). However, even with unambiguous statutory language, a court is authorized by section 311.023, Government Code, to consider other factors such as the object to be obtained, the circumstances under which the statute was enacted, and the legislative history. TEX. GOV'T CODE ANN. § 311.023(1)–(3) (Vernon 2005). *But see Reddy Ice Corp. v. Travelers Lloyds Ins. Co.*, 145 S.W.3d 337, 341 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (stating legal principle that "if a statute is unambiguous, . . . rules of construction or other extrinsic aids" cannot be used to create ambiguity). The Fiscal Note accompanying House Bill 1 that enacted section 21.402(c-1) does discuss the impact of the proposed salary increase.

---

[3]The Foundation School Program is part of the system for the collection and distribution of funds for public education. Chapter 41, Education Code, concerns the equalized wealth level of school districts. *See generally* TEX. EDUC. CODE ANN. §§ 41.001–.257 (Vernon 2006 & Supp. 2007). Chapter 42 concerns the distribution of education funds to the school districts. *See generally id.* §§ 42.001–.4101.

*See* Fiscal Note, Tex. H.B. 1, 79th Leg., 3d C.S. (2006). The Fiscal Note states that "[a]t the current state contribution rate of 6 percent, the estimated cost of increased *state contributions* to TRS associated with the proposed salary increase would range from $41 million in general revenue in fiscal year 2007 to $44 million in fiscal year 2011." *Id.* at 7 (emphasis added). The Fiscal Note, however, does not help us construe section 21.402. It merely notes that the increase in salary and the resultant increase in the "state contribution" will yield increased funding to TRS. *Id.* It does not allocate responsibility for the payment of the increased "state contribution." Under section 825.405, payment of a portion of the "state's contribution" is shared by the employing school districts. *See* TEX. GOV'T CODE ANN. § 825.405(a) (Vernon 2004) (providing that the "employing district shall pay the state's contribution" on a portion of the member's salary). Because the Fiscal Note does not address the impact the salary increase will have on the two parties responsible for the "state's contribution," it does not alter our construction based on the plain language of section 21.402.

For the reasons stated above, we conclude that the proper construction of the salary provided by section 21.402 as used in section 825.405, Government Code, to calculate the required retirement contributions does not include the salary increase established in section 21.402(c-1) and arguably perpetuated in section 21.402(d).

### S U M M A R Y

The Seventy-ninth Legislature enacted legislation providing certain education personnel a salary increase. Section 825.405, Government Code, requires a school district to pay to the Teacher Retirement System a contribution for certain employees who receive more than the statutory minimum salary. The formula used to determine the statutory minimum salary includes the "salary provided by Section 21.402" of the Education Code. TEX. GOV'T CODE ANN. § 825.405(b) (Vernon 2004); TEX. EDUC. CODE ANN. § 21.402 (Vernon Supp. 2007). The salary provided by section 21.402 does not include the salary increase originally established by section 21.402(c-1) and arguably perpetuated by section 21.402(d).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee