**SECOND DIVISION**
**RAY, P. J.,**
**ANDREWS and DOYLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 13, 2017**

# In the Court of Appeals of Georgia

A17A0999. HENRY v. THE STATE.                    DO-034 C

DOYLE, Judge.

After a jury trial, Timothy Henry was convicted of two counts of aggravated child molestation,[1] two counts of aggravated sodomy,[2] and one count of child molestation.[3] This Court affirmed the conviction on appeal.[4] Henry filed a motion to correct a void sentence, which motion the trial court denied. Henry appeals, and we vacate Henry's sentence and remand the case for resentencing.

---

[1] OCGA § 16-6-4 (c).

[2] OCGA § 16-6-2 (a) (2).

[3] OCGA § 16-6-4 (a) (1).

[4] See *Henry v. State*, 316 Ga. App. 132 (729 SE2d 429) (2012).

Although the record lacks a copy of the sentencing sheet, it is undisputed that the trial court merged the two counts of aggravated child molestation into the two counts of aggravated sodomy and sentenced Henry to two consecutive sentences of life without parole. The trial court also sentenced Henry to twenty years imprisonment for the child molestation count, which the court ran consecutive to the two consecutive life sentences.

1. Henry first argues that the trial court improperly sentenced him to consecutive life sentences without parole on the two counts of aggravated sodomy. Henry is correct that under normal sentencing, a trial court may not impose a sentence of life imprisonment without the possibility of parole unless the State sought the death penalty in the case.[5] Nevertheless, in the case of a recidivist offender in whose prosecution the State has filed notice and certified copies of past convictions, such a penalty may be imposed pursuant to OCGA § 17-10-7 (c),[6] which holds that

> [barring certain exceptions], any person who, after having been
> convicted under the laws of this state for three felonies or having been
> convicted under the laws of any other state or of the United States of

---

[5] See, e.g., *Velazquez v. State*, 283 Ga. App. 863 (643 SE2d 291) (2007).

[6] See *State v. Jones*, 253 Ga. App. 630, 632, n.2 (560 SE2d 112) (2002). Compare with *Velazquez*, 283 Ga. App. at 863-864.

three crimes which if committed within this state would be felonies, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

Thus, like in *State v. Jones*, this sentence was proper

because [under] OCGA § 16-6-2 (b), the maximum punishment for aggravated sodomy is life in prison[, and] OCGA § 17-10-7 (a) require[d] that the trial court sentence [Henry] — a [four]-time recidivist — to the maximum sentence. OCGA § 17-10-7 (c) require[d] that [Henry] — a [four]-time recidivist — actually serve the maximum sentence without the possibility of parole.[7]

Accordingly, this argument is without merit.

2. Henry also argues that the trial court improperly sentenced him to a 20-year sentence of imprisonment for the child molestation count because the trial court was required to sentence him to a split sentence "with at least one year of probation included in each individual sentence."[8] The trial court failed to do this, and the State concedes that Henry's argument is correct. Accordingly, the trial court erred by

---

[7] *Jones*, 253 Ga. App. at 632, n.2.

[8] *New v. State*, 327 Ga. App. 87, 107-108 (5) (755 SE2d 568) (2014).

denying Henry's motion to correct a void sentence, and the sentencing order is hereby vacated, and the case is remanded for resentencing.

*Sentence vacated and case remanded with direction. Ray, P. J., and Andrews, J., concur.*