**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 14, 2021**

# In the Court of Appeals of Georgia

A21A0272. CANALES v. THE STATE.

GOBEIL, Judge.

Following a jury trial, Estuardo Canales was convicted in the Superior Court of Gwinnett County of rape, incest, and statutory rape. Canales now appeals from the denial of his motion for new trial, asserting that the trial court erred in sentencing him to life without parole on the rape conviction, as he was not eligible for that sentence. As explained more fully below, we agree with Canales about his sentence, although not for the reasons he argues. Accordingly, we vacate Canales's sentence on his rape conviction and remand for entry of a new sentence.

"On appeal from a criminal conviction, the defendant is no longer entitled to a presumption of innocence and we therefore construe the evidence in the light most favorable to the jury's guilty verdict." *Maddox v. State*, 346 Ga. App. 674, 675 (816

SE2d 796) (2018) (citation and punctuation omitted). So viewed, the record shows that in September 2015, Canales's then 17-year-old stepdaughter revealed to her church pastor that Canales had been sexually molesting her for a number of years. With the support of the pastor and other church leaders, the victim then told her mother about the abuse. The victim further revealed that Canales was the father of her son, who was born when the victim was fourteen years old.

Following the victim's outcry, the family contacted law enforcement and after an investigation, Canales was indicted on two counts of rape, two counts of incest, and a single count of statutory rape.[1] With respect to the rape charges, the indictment alleged that one rape occurred on November 1, 2010, and that the second rape took place on June 25, 2015.

At trial, the victim testified that she was born on September 19, 1997, and that Canales had been sexually abusing her since she was nine or ten years old. The first incident of molestation occurred in either 2007 or 2008, on a day when the victim arrived home from school while her mother was at work. The last incident occurred in June 2015, a few months before the victim made her outcry. Those two incidents,

---

[1] Canales also was charged with one count of child molestation. At trial, the State elected to nolle pros that charge, and that count of the indictment was not submitted to the jury.

2

like all of the other incidents of molestation, involved Canales having vaginal intercourse with the victim. And although the victim could not recall the exact number of times Canales had sex with her, she knew that the abuse occurred on more than ten occasions. Finally, the victim stated that Canales impregnated her when she was 14, and she gave birth to their son on August 11, 2012.[2]

During the charge conference, the parties discussed the applicable statutes of limitation for the charged crimes. Following that discussion, the parties agreed that, although the statute of limitation for rape was fifteen years, the trial court should instruct the jury that the State had to prove that the crimes were indicted within seven years of either the victim's outcry to law enforcement or the victim's sixteenth birthday.[3] Additionally, at the State's request, the court agreed to instruct the jury that

---

[2] DNA evidence presented at trial showed a 99.9999 percent likelihood that Canales had fathered the victim's son.

[3] See OCGA § 17-3-1 (b) (the statute of limitation for rape is 15 years); OCGA § 17-3-1 (c) (subject to OCGA § 17-3-2.1, the statute of limitation is seven years for felonies committed against a victim who was under the age of eighteen at the time of the offense); OCGA § 17-3-2.1 (for the crimes of rape, incest, and statutory rape involving a victim under the age of 16, the statute of limitation is tolled "until the victim has reached the age of 16 or the violation is reported to a law enforcement agency . . .").

the dates of the alleged crimes as set forth in the indictment were not material elements of those crimes. Thereafter, the court charged the jury as follows:

> The State is not required to prove that the offenses alleged happened on the date alleged in the indictment. It is sufficient for the State to show that either the alleged victim's 16th birthday or the alleged victim's disclosure to the law enforcement occurred within the seven years prior to the return of the indictment. The indictment was returned on February 8, 2017.

The jury found Canales guilty on all counts submitted to it, and, after merging the two counts of rape and the two counts of incest, the trial court entered judgment on the jury's verdict. The trial court sentenced Canales to life without parole[4] on the rape conviction, 30 years' imprisonment on the incest conviction, and 20 years' imprisonment on the conviction for statutory rape, with all sentences to be served consecutively. Canales did not object to the sentence as imposed. Canales filed a motion for new trial, and, following a hearing, the trial court denied that motion. This appeal followed.

---

[4] At sentencing, upon questioning by the trial court, the State indicated that a sentence of life without the possibility of parole was an option with respect to the rape charge.

In a single enumeration of error, Canales argues that the trial court erred in sentencing him to life without parole on his rape conviction. Relying on the Georgia Supreme Court's decision in *State v. Velazquez*, 283 Ga. 206 (657 SE2d 838) (2008), Canales contends that a defendant convicted of a rape that occurred prior to the 2009 repeal of OCGA § 17-10-32.1[5] may not be sentenced to life without parole unless the State provided pretrial notice that it intended to seek the death penalty on the rape charge. Canales further contends that, taken together, the victim's trial testimony (that the first rape occurred prior to 2009) and the trial court's jury instructions (that dates were not a material element of the charged crimes) permitted the jury to convict him of a rape that occurred prior to the repeal of OCGA § 17-10-32.1.[6] Canales therefore

---

[5] The General Assembly repealed Section 17-10-32.1 during the 2009 legislative session, and that repeal became effective April 29, 2009. See Ga. Laws 2009, Vol. 1, p. 227, § 7; p.228.

[6] In its order denying Canales's new trial motion, the trial court stated that "the jury found [Canales] guilty only of crimes that occurred after 2010" because "the jury was specifically instructed that the State . . . was required to prove that the offenses occurred within the seven years preceding the return of the indictment." And because the indictment was returned on February 8, 2017, the court concluded that Canales "was ultimately found guilty of offenses that occurred at the earliest on February 8, 2010." With respect to any relevant time periods, however, the record shows that the jury was instructed that the State had to prove that "either the alleged victim's 16th birthday or the alleged victim's disclosure to the law enforcement occurred seven years prior to the return of the indictment." Thus, as the State concedes in its brief, nothing in the jury instructions prevented the jury from convicting Canales of a rape

5

reasons that the trial court had to sentence him for rape pursuant to OCGA § 17-10-32.1, and because the State failed to provide him such pretrial notice, his life sentence without the possibility of parole is void. See *Ewell v. State*, 318 Ga. App. 812, 816-817 (2) (a) (734 SE2d 792) (2012) (a defendant must be sentenced under the relevant statutory scheme in place at the time he committed the crime at issue); *Forde v. State*, 289 Ga. App. 805, 809-810 (658 SE2d 410) (2008) (where testimony showed defendant engaged in sexual battery of the minor victim both before and after the amendment of the relevant statute, and the jury returned a general verdict, the more lenient sentencing scheme from the earlier version of the statute must apply).

While we ultimately agree that resentencing is required, we disagree with Canales's reasoning. Specifically, he fails to consider either the plain language of OCGA § 17-10-32.1 or the context in which *Velazquez* applied that statute. Former Code section 17-10-32.1 provided:

> (a) Subject to the provisions of subsection (b) of this Code section, any person who has been indicted for an offense for which the death penalty or life without parole may be imposed *may enter a plea of guilty at any*

---

occurring prior to 2009. See *Heath v. State*, 269 Ga. App. 872, 872 (1) (605 SE2d 427) (2004) ("Where the date alleged in the indictment is not a material element of the offense, the State may prove the offense as of any date within the statute of limitation.") (citation and punctuation omitted).

*time after indictment*, and the judge of the superior court having jurisdiction may, in the judge's discretion, sentence the person to life imprisonment or to any other punishment authorized by law for the offense named in the indictment.

(b) Unless the district attorney has given notice that the state intends to seek the death penalty pursuant to the Uniform Rules of the Superior Courts, the judge shall sentence the defendant to life imprisonment. In cases where such notice has been given, the judge may sentence the defendant to death or life without parole only if the judge finds beyond a reasonable doubt the existence of at least one statutory aggravating circumstance as provided in Code Section 17-10-30.

OCGA §17-10-32.1 (2008) (emphasis supplied).

As the above-emphasized language demonstrates, OCGA § 17-10-32.1 applies only in those pre-2009 cases where the defendant has entered a guilty plea. See *Parks v. State*, 305 Ga. 712, 714 (2) (827 SE2d 669) (2019) (the repeal of OCGA § 17-10-32.1 "remov[ed] the sentencing duties of a judge *regarding a person who pled guilty to an offense for which the death penalty or life without parole could be imposed*") (citation and punctuation omitted; emphasis supplied); *Velazquez*, 283 Ga. at 207 ("in *the specific circumstances of a guilty plea in a case falling under OCGA § 17-10-32.1*, a notice of intent to seek the death penalty is a statutory prerequisite to a

sentence of life without the possibility of parole") (emphasis supplied). Accordingly, because Canales was convicted following a trial (versus a guilty plea), this statute does not apply here.[7]

Although Canales cannot prevail on his argument under OCGA § 17-10-32.1, we nevertheless find that the trial court erred in sentencing him to life without parole. In *Velazquez*, our Supreme Court expressly rejected the idea that, as a bright-line rule, "a sentence of life without parole is authorized only in cases in which the State first sought the death penalty."[8] *Velazquez*, 283 Ga. at 207 (citation and punctuation omitted). Rather, the Court emphasized that whether a specific sentence can be imposed in a particular case is controlled by the applicable "statutory scheme created by the General Assembly." Id. See also *Kimbrough v. State*, 300 Ga. 516, 520 (3)

---

[7] Former OCGA § 17-10-31.1, which was repealed simultaneously with Section 17-10-32.1, addressed sentencing a defendant to life without parole following a jury trial, and provided that such a penalty could not be imposed unless the jury found "at least one statutory aggravating circumstance" and recommended "that such sentence be imposed." OCGA § 17-10-31.1 (2008). Unlike Section 17-10-32.1, however, Section 17-10-31.1 did not apply to cases involving any "offense for which the death penalty or life without parole may be imposed." Instead, that code section applied only to cases where the defendant was charged with and tried for murder. OCGA § 17-10-31.1.

[8] There is no indication in the record that the State filed a notice of intent to seek the death penalty on the rape charge against Canales.

8

(796 SE2d 694) (2017). And a provision in the relevant statutory sentencing scheme that existed prior to April 2009, OCGA § 17-10-30.1, supports Canales's claim that the trial court in this case was not authorized to impose a sentence of life without parole on his rape conviction.

Turning to the statutory scheme in existence prior to 2009, the text of OCGA § 16-6-1 (b) appeared to permit a sentence of life imprisonment without parole for a rape conviction:

> A person convicted of the offense of rape shall be punished by death,[9] by imprisonment for life without parole, by imprisonment for life, or by imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life. Any person convicted under this Code section shall, in addition, be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 [Punishment for serious violent offenders] and 17-10-7 [Punishment of repeat offenders; punishment and eligibility for parole of persons convicted of fourth felony offense].

OCGA § 16-6-1 (b) (2008). And in OCGA § 17-10-16 (a), the Code section authorizing sentences for imprisonment for life without parole (which was in effect

---

[9] In Georgia, a death sentence cannot be imposed for a rape conviction. *Kennedy v. Louisiana*, 554 U. S. 407, 419-421 (II) (128 SCt 2641, 171 LE2d 525) (2008); *Coker v. Georgia*, 433 U. S. 584, 592-597 (III) (97 SCt 2861, 53 LE2d 982) (1977).

prior to 2009 and remains in effect now), the General Assembly provided that "[n]otwithstanding any other provision of law, a person who is convicted of an offense committed after May 1, 1993, for which the death penalty may be imposed under the laws of this state may be sentenced to death, imprisonment for life without parole, or life imprisonment as provided in Article 2 of this chapter." In turn, Article 2 of Chapter 10 of Title 17 of our Code, entitled "Death Penalty Generally," contained OCGA § 17-10-30.1, which governed the imposition of sentences of imprisonment for life without parole prior to its repeal effective April 29, 2009.[10] As relevant here, former OCGA § 17-10-30.1 provided:

> (b) In all cases for which life without parole may be authorized, *the judge shall consider*, or shall include in the judge's instructions to the jury for it to consider, any mitigating circumstances or any of the statutory aggravating circumstances specified by Code Section 17-10-30 which may be supported by the evidence.

> (c) The statutory instructions as determined by the trial judge to be warranted by the evidence shall be given in charge and in writing to the jury for its deliberation. The jury, if its verdict is a recommendation of life without parole, shall designate in writing, signed by the foreman of the jury, the statutory aggravating circumstance or circumstances which

---

[10] See Ga. Laws 2009, Vol. I, p. 226, § 4; p. 228.

it found beyond a reasonable doubt. In nonjury cases the judge shall make such designation. Unless at least one of the statutory aggravating circumstances enumerated in Code Section 17-10-30 is so found, life without parole shall not be imposed.

OCGA § 17-10-30.1 (2008) (emphasis supplied).

The record here shows that the trial court made no finding at sentencing of any of the aggravating circumstances set forth in the version of OCGA § 17-10-30 that existed prior to 2009. Because a possibility existed that the jury convicted Canales of a rape that occurred prior to 2009, and given the plain language of former Code Section 17-10-30.1, we find that the trial court was without authority to sentence Canales to life without parole on the charge of rape. Accordingly, as Canales was not otherwise eligible for a life sentence without the possibility of parole on his rape conviction, we must vacate this portion of the sentence and remand the case to the trial court for resentencing. See *Marshall v. State*, 309 Ga. 698, 702 (3) (848 SE2d 389) (2020) ("the sentencing court has jurisdiction to vacate a void sentence at any time, and the failure to object at trial does not waive such a claim"); *Baxter v. State*, 329 Ga. App. 589, 590 (2) (765 SE2d 738) (2014) (concluding that defendant's sentence of life without the possibility of parole for rape conviction for conduct occurring prior to 2009 was illegal, and vacating and remanding for resentencing).

11

*Judgment vacated and case remanded for resentencing. Barnes, P. J., and Markle, J., concur.*