## A04A1946. EDWARDS v. THE STATE.
(609 SE2d 741)

PHIPPS, Judge.

Ernest James Edwards was tried by a jury and convicted of battery. He claims that the evidence was insufficient to support his conviction and that the trial court erred by failing to charge the jury on the offense of simple battery and on bias. For reasons that follow, we affirm.

---

Edwards and John Gordon were cellmates at the Clayton County jail. After a card game in their cell, the two men had an argument. When the argument was over, they lay down in their respective beds. Gordon testified that, while he was lying in the bottom bunk bed, Edwards got up. They exchanged a few words, and Edwards started hitting him in the face and head. Gordon testified that he was bleeding badly and could not see because blood was in his eyes. He also testified that his injuries required three stitches on his face and six stitches in his scalp. Gordon gave a sworn statement regarding the incident on July 8, 2003, and testified that he gave the statement the day after the incident.

1. Edwards claims that the evidence was insufficient to support his conviction. He argues that the state failed to prove that the alleged injury to Gordon's scalp was substantial and failed to prove when the incident occurred.

(a) A person commits the offense of battery by intentionally causing substantial physical harm or visible bodily harm to another.[1] Gordon testified that the injury to his scalp required six stitches, although he admitted that the scar was not visible. The question of whether substantial bodily injury occurred is a question of fact for the jury to decide.[2]

(b) Edwards was accused of intentionally causing substantial physical harm to Gordon on July 7, 2003, and the date was a material allegation of the accusation. Gordon testified that he gave a statement on July 8, and that he gave it the day after the incident. That was sufficient proof that the incident occurred on July 7.[3]

(c) Edwards complains that his conviction was based solely on Gordon's testimony, which was internally inconsistent and which raised questions about Gordon's credibility.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and the appellant is no longer entitled to a presumption of innocence.[4] "An appellate court does not weigh evidence or determine witness credibility, but determines only if the evidence is sufficient under the standard of *Jackson v. Virginia*[5] to support a finding of guilt beyond a reasonable doubt."[6] Conflicts in testimony and questions about witness credibility are matters for the jury to resolve.[7] As long as there is some competent evidence, even

---

[1] OCGA § 16-5-23.1 (a).

[2] *Richards v. State*, 222 Ga. App. 853, 854 (1) (b) (476 SE2d 598) (1996).

[3] See *Crawford v. State*, 233 Ga. App. 323 (1) (a) (504 SE2d 19) (1998).

[4] *Nunnally v. State*, 261 Ga. App. 198 (1) (582 SE2d 173) (2003).

[5] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[6] (Footnote omitted.) *Nunnally*, supra.

[7] *Johnson v. State*, 259 Ga. App. 452, 453 (2) (576 SE2d 911) (2003).

though contradicted, to support each fact necessary for the state's case, the jury's verdict will be upheld.[8] Gordon's testimony established all of the elements of the offense of battery (as alleged in the accusation) and, thus, his testimony alone was sufficient to support a finding of guilt beyond a reasonable doubt.[9]

2. Edwards claims that the trial court erred by failing to charge on simple battery and on bias.

(a) Edwards admits that he did not submit a written request to charge on simple battery and the trial transcript shows that his trial counsel specifically asked the court not to instruct the jury on simple battery. Although a trial court, sua sponte, may charge the jury on a lesser included offense if justified by the evidence,[10] "[a]bsent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error."[11]

(b) At the conclusion of the jury charge, the court asked if there were any objections to the charge, and Edwards's trial counsel said, "No, Judge." When the trial court asks if there are any objections to the charge, "the failure to either object or to reserve the right to later object amounts to a procedural default barring appellate review of the charge."[12] Thus, Edwards has waived his claim regarding the trial court's failure to charge on bias.[13]

*Judgment affirmed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED JANUARY 26, 2005.

*Katrina L. Breeding*, for appellant.
*Keith C. Martin, Solicitor-General, Sean H. Joyner, Assistant Solicitor-General*, for appellee.

---

[8] Id.

[9] See *Thompson v. State*, 203 Ga. App. 339 (1) (416 SE2d 755) (1992); see also *Head v. State*, 253 Ga. 429, 430 (2) (322 SE2d 228) (1984) (testimony of one witness sufficient to support conviction); *Gay v. State*, 143 Ga. App. 857 (1) (240 SE2d 226) (1977) (no requirement that victim's testimony be corroborated to convict the accused).

[10] See *Gagnon v. State*, 240 Ga. App. 754, 755 (1) (525 SE2d 127) (1999).

[11] (Citations and punctuation omitted.) *Hawkins v. State*, 267 Ga. 124, 125 (3) (475 SE2d 625) (1996); *Gagnon*, supra at 756-757 (3).

[12] (Citation omitted.) *Rivers v. State*, 250 Ga. 303, 309 (7) (298 SE2d 1) (1982).

[13] See *Bruce v. State*, 252 Ga. App. 494, 500 (3) (555 SE2d 819) (2001).