## A08A0602. FORDE v. THE STATE.
(658 SE2d 410)

BLACKBURN, Presiding Judge.

Following a jury trial, Earl Forde, Sr., was convicted on one count of sexual battery against a child under the age of 16 years.[1] He appeals his conviction, his sentence, and the denial of his motion for new trial, arguing (i) that his trial counsel provided ineffective assistance by failing to object to inadmissible hearsay evidence and (ii) that the trial court erred in sentencing him for the commission of a felony pursuant to the amended sexual battery statute despite the fact that it is unclear from the jury's verdict whether he was found guilty of pre-amendment or post-amendment conduct. For the reasons set forth below, we affirm Forde's conviction but vacate his felony sentence and remand for resentencing.

---

[4] *Cheeks v. Miller,* 262 Ga. 687, 688 (425 SE2d 278) (1993).
[1] OCGA § 16-6-22.1 (b), (d).

Viewed in the light most favorable to the verdict, *Davis v. State*,[2] the record shows that in 2002, Forde's 13-year-old daughter, B. F., was disciplined by her eighth grade teacher for talking back in class. Later that day, after the school informed him of her behavior, Forde ordered B. F. to her bedroom and told her that he was going to punish her with a spanking. As Forde demanded, B. F. removed her pants and lay down on her stomach, but instead of spanking her, Forde began touching her privates and only stopped when B. F. began crying.

A couple of years passed with no further abuse occurring. However, on two occasions in either late 2003 or early 2004, when B. F. was fifteen years old and in the tenth grade, Forde ordered B. F. to a bedroom, demanded that she remove her pants, and touched her privates under the pretense of "inspecting" her to determine if she was having sex. In the early summer of 2004, Forde once again demanded that B. F. allow him to touch her privates for what he termed an "inspection," but this time B. F. refused and immediately thereafter called her grandmother in New York to report that her father had been sexually abusing her. That same day, B. F.'s grandmother informed B. F.'s mother (Forde's wife) of the abuse that had been occurring over the past few years. After B. F.'s mother confirmed what B. F.'s grandmother told her by talking to her daughter, she notified the police.

Forde was indicted on two counts of child molestation. The first count alleged that sometime between 2000 and 2004, Forde had touched B. F.'s privates, and the second count alleged that sometime between 2000 and 2004, he had touched B. F.'s breasts. B. F., Forde, and several other witnesses for both the State and the defense testified at trial. After the State rested, the trial court granted Forde's motion for a directed verdict as to the second count of child molestation, which alleged that Forde had touched B. F.'s breasts. The trial court also charged the jury on the lesser included offense of sexual battery on a child under the age of 16 years pursuant to OCGA § 16-6-22.1. However, the jury was unable to reach a verdict, and the trial court declared a mistrial.

At the second trial, B. F. again testified regarding the sexual abuse, and her mother and grandmother again testified regarding B. F.'s outcry. The State also proffered similar transaction evidence through the testimony of one of B. F.'s friends, who testified that Forde made inappropriate sexual remarks and tried to force her to sit on his lap while giving her a ride home one night. In addition, the State introduced, without objection, a videotaped forensic interview

[2] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

of B. F. by a psychologist with a local child advocacy center, during which B. F. recounted Forde's acts of sexual abuse. Forde testified in his own defense and denied the allegations. He and several other defense witnesses also offered evidence that B. F. resented being disciplined, that she did not like living in Georgia, and that she concocted the abuse allegations so that she would be allowed to move back to New York with her grandmother. At the close of evidence, the trial court again charged the jury on the lesser included offense of sexual battery on a child under the age of 16 years. The jury found Forde guilty of the lesser included offense, and the trial court sentenced him to serve five years in prison pursuant to OCGA § 16-6-22.1 (d).

Subsequently, Forde obtained new counsel and filed a motion for new trial, alleging that he received ineffective assistance of counsel at trial and that the trial court erred in sentencing him for committing felony sexual battery. After a hearing, the trial court issued an order denying Forde's motion. This appeal followed.

1. Forde contends that his trial counsel provided ineffective assistance by failing to make a hearsay objection to B. F.'s statements in the videotaped forensic interview conducted by the child advocacy psychologist. We find no prejudice.

To establish ineffective assistance of counsel under *Strickland v. Washington*,[3] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. *Mency v. State*.[4] "Making that showing requires that [Forde] rebut the strong presumption that [his] lawyer's conduct falls within the wide range of reasonable professional assistance." *Simpson v. State*.[5] See *Wright v. State*;[6] *Mency*, supra, 228 Ga. App. at 642 (2). We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous. *Rose v. State*.[7]

At the hearing on his motion for new trial, Forde's trial counsel testified that he did not raise a hearsay objection to the videotaped interview of B. F. by the child advocacy psychologist because he did not think that the statements in the videotape constituted hearsay but that he would have objected if he thought he could have kept the

---

[3] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

[4] *Mency v. State*, 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997).

[5] *Simpson v. State*, 278 Ga. 336, 337 (2) (602 SE2d 617) (2004).

[6] *Wright v. State*, 276 Ga. 419, 421 (5) (577 SE2d 782) (2003).

[7] *Rose v. State*, 258 Ga. App. 232, 234-235 (2) (573 SE2d 465) (2002).

statements out of evidence. Forde argues that the videotaped interview was not subject to the Child Hearsay Statute because B. F. was 16 years old when she made the statement, and thus the interview constituted inadmissible hearsay. See OCGA § 24-3-16; *Currington v. State.*[8]

The State responds that the videotaped interview was admissible as a prior consistent statement. Specifically, the State argues that Forde's defense focused on attacking B. F.'s credibility by offering evidence that she fabricated the sexual abuse allegations because she hated Forde and wanted to move back to New York, and therefore her statements in the interview were admissible to demonstrate that her recounting of the abuse had always been consistent. This argument, however, misconstrues the law regarding prior consistent statements. Following our Supreme Court's holding in *Woodard v. State,*[9] we have held that

> only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination is a witness's veracity placed in issue so as to permit the introduction of a prior consistent statement. Even then, the prior consistent statement may be admitted as nonhearsay only if it was made before the motive or influence came into existence or before the time of the alleged recent fabrication. Otherwise, it is pure hearsay, which cannot be admitted merely to bolster the witness's credibility.

*Phillips v. State.*[10] See *Joines v. State.*[11] Here, the videotaped interview was conducted in August 2004, over one month after B. F.'s initial outcry to her grandmother. Given Forde's contention that B. F.'s initial allegations of sexual abuse were prompted by her long-standing animosity toward him and her desire to move back to New York, her statements contained in the videotaped interview were made well *after* the alleged improper motive came into existence. Thus, B. F.'s statements made during the interview constituted hearsay and should have elicited an objection from Forde's trial counsel. See *Thompson v. State;*[12] *Phillips*, supra, 241 Ga. App. at 766-767. In failing to raise an objection to this inadmissible hearsay, the performance of Forde's trial counsel fell below an objective

---

[8] *Currington v. State*, 270 Ga. App. 381, 387 (4) (606 SE2d 619) (2004).

[9] *Woodard v. State*, 269 Ga. 317, 320 (2) (496 SE2d 896) (1998).

[10] *Phillips v. State*, 241 Ga. App. 764, 766 (527 SE2d 604) (2000).

[11] *Joines v. State*, 264 Ga. App. 558, 561-562 (3) (a) (591 SE2d 454) (2003).

[12] *Thompson v. State*, 281 Ga. App. 627, 631 (3) (636 SE2d 779) (2006).

standard of reasonableness under the first prong of *Strickland*. See *Kirkland v. State*[13] (trial counsel's failure to recognize that certain prospective jurors should have been disqualified as a matter of law constituted deficient performance); *Wilson v. State*[14] (trial counsel's confusion regarding applicable rules of evidence as well as other errors satisfied first prong of *Strickland*).

However, although Forde's trial counsel performed deficiently in failing to raise a hearsay objection to the admission of B. F.'s statements contained in the videotaped interview, Forde has not shown that counsel's error prejudiced his defense. The statements made by B. F. during the videotaped interview were merely cumulative of the testimony she offered at trial, regarding which she was cross-examined by Forde's trial counsel, and were therefore harmless. See *Currington*, supra, 270 Ga. App. at 387 (4). Accordingly, the trial court's finding that Forde failed to demonstrate that he received ineffective assistance of counsel was not clearly erroneous. See *Jeffries v. State*[15] (counsel's failure to object to inadmissible hearsay evidence was not prejudicial because evidence was cumulative); *Williams v. State*[16] (failure to object to hearsay was not prejudicial where hearsay was cumulative of evidence already before jury). See also *Hanson v. State*.[17]

2. Forde contends that the trial court erred in imposing a felony sentence pursuant to the sexual battery statute as amended in 2003 despite the fact that it is unclear from the jury's general verdict whether Forde was found guilty of acts of sexual battery that he committed before the statute was amended or of acts that he committed after the amendment.

Prior to June 2, 2003, OCGA § 16-6-22.1 punished all sexual battery as a misdemeanor. See former OCGA § 16-6-22.1; Ga. L. 1990, p. 1003, § 2. The amended version of OCGA § 16-6-22.1 added subsection (d), which provides: "A person convicted of the offense of sexual battery against any child under the age of 16 years shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years." Ga. L. 2003, pp. 573-574, § 1.1. Here, the sole count remaining in the indictment at the start of the second trial alleged that Forde's molestation of B. F. occurred on specific dates unknown between September 1, 2000 and March 4, 2004. At trial, B. F. testified that one of Forde's acts of sexual abuse occurred in 2002, when she was in the

---

[13] *Kirkland v. State*, 274 Ga. 778, 779 (1) (560 SE2d 6) (2002).

[14] *Wilson v. State*, 199 Ga. App. 900, 901-902 (1) (406 SE2d 293) (1991).

[15] *Jeffries v. State*, 272 Ga. 510, 511-512 (2) (530 SE2d 714) (2000).

[16] *Williams v. State*, 273 Ga. App. 780, 783 (2) (a) (616 SE2d 117) (2005).

[17] *Hanson v. State*, 263 Ga. App. 45, 47 (1) (587 SE2d 200) (2003).

eighth grade, and that his two other acts of sexual abuse occurred sometime in late 2003 or early 2004, when she was in the tenth grade. Notwithstanding the fact that the acts of sexual abuse fell both before and after the effective date of amended OCGA § 16-6-22.1, the trial court did not provide the jury with a special verdict form. Consequently, the jury's verdict did not make any specific findings as to when the sexual abuse occurred. Despite this lack of specificity, the trial court sentenced Forde to five years imprisonment pursuant to amended OCGA § 16-6-22.1 (d).

Forde challenged the legality of the sentence in his motion for new trial, but that challenge was denied. On appeal, he now argues that absent a special verdict, it is impossible to know whether the jury may have convicted him of sexual battery based solely on his conduct prior to the June 2, 2003 amendment to OCGA § 16-6-22.1, in which case the felony sentence violates the Ex Post Facto Clause and thus is void as a matter of law. We agree. "A sentence is void if the court imposes punishment that the law does not allow." (Punctuation omitted.) *Jones v. State.*[18] Thus, "a trial court may resentence a defendant at any time when the sentence is contrary to law." *Barraco v. State.*[19] "Article I of the United States Constitution provides that neither Congress nor any State shall pass any 'ex post facto law.'" *Miller v. Florida.*[20] See Art. I, Sec. 9, cl. 3; Art. I, Sec. 10, cl. 1. "To fall within the *ex post facto* prohibition, a law must be retrospective — that is, it must apply to events occurring before its enactment — and it must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the crime." (Citation and punctuation omitted.) *Lynce v. Mathis.*[21] See *Collins v. Youngblood;*[22] *Postell v. Humphrey.*[23]

Although we have found no Georgia case authority that directly addresses the issue of whether a general guilty verdict on a charge for conduct that could have occurred either before or after enhanced punishment for that conduct was enacted violates the Ex Post Facto Clause, we find the federal case authority regarding this issue to be persuasive. Most recently, in *United States v. Tykarsky,*[24] the Third Circuit Court of Appeals held that sentencing a defendant to the

---

[18] *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

[19] *Barraco v. State*, 252 Ga. App. 25, 26 (555 SE2d 244) (2001).

[20] *Miller v. Florida*, 482 U. S. 423, 429 (II) (107 SC 2446, 96 LE2d 351) (1987), overruled in part on other grounds, *California Dept. of Corrections v. Morales*, 514 U. S. 499, 506, n. 3 (115 SC 1597, 131 LE2d 588) (1995).

[21] *Lynce v. Mathis*, 519 U. S. 433, 441 (III) (117 SC 891, 137 LE2d 63) (1997).

[22] *Collins v. Youngblood*, 497 U. S. 37, 43 (110 SC 2715, 111 LE2d 30) (1990).

[23] *Postell v. Humphrey*, 278 Ga. 651, 653 (604 SE2d 517) (2004).

[24] *United States v. Tykarsky*, 446 F3d 458, 482 (IX) (B) (3rd Cir. 2006).

mandatory minimum prescribed by a statute where there was at least a possibility that the jury convicted the defendant based solely on pre-statute conduct violated the Ex Post Facto Clause. Specifically, the court held that "because the [conduct] spanned two different versions of the statute with different minimum penalties, the question of whether the violation extended beyond the effective date of the amended version was one that had to be resolved by the jury." Id. at 479-480 (IX) (A). As a result, the court concluded "that sentencing [the defendant] to the mandatory minimum prescribed by the [statute] constitutes plain error, and we will vacate his sentence." Id. at 483 (IX) (C).

Similarly, in *United States v. Torres*,[25] the Second Circuit found an ex post facto violation where defendants were subjected to life sentences for conduct that "straddled" the date that the mandatory life sentence for the crime went into effect. The court held that the mere possibility, however remote, that the jury convicted based on acts that occurred prior to the enactment of the mandatory life sentence was plain error and required a remand for resentencing. Id. Moreover, our own Supreme Court, albeit in a different context, has also recognized the potential problem posed by general jury verdicts in cases involving multiple acts by a defendant. See *Crawford v. State*.[26] In *Crawford*, the court acknowledged "the well-settled rule that if a case has been submitted to the jury on several alternative theories, one of which is unconstitutional, a general verdict of guilty which does not indicate that it was based upon one of the constitutional theories must be set aside." Id. See *Stromberg v. California*.[27]

Here, given B. F.'s testimony regarding the time frame during which the separate acts of sexual abuse took place, there is a possibility that a reasonable jury could have convicted Forde of sexual battery based solely on the act of sexual abuse that occurred prior to the June 2, 2003 amendment to OCGA § 16-6-22.1. In light of this possibility and of the State's burden of proving all elements of a crime beyond a reasonable doubt, the trial court should have required a special verdict form that addressed both Forde's pre-amendment and post-amendment conduct to avoid a potential ex post facto violation. See *Tykarsky*, supra, 446 F3d at 483 (IX) (C). Instead, Forde was sentenced to five years imprisonment pursuant to the amended version of OCGA § 16-6-22.1 without a specific jury finding that the conduct for which he was convicted occurred after the amendment.

---

[25] *United States v. Torres*, 901 F2d 205, 229 (B) (2nd Cir. 1990).

[26] *Crawford v. State*, 254 Ga. 435, 439 (1) (330 SE2d 567) (1985).

[27] *Stromberg v. California*, 283 U. S. 359, 369-370 (51 SC 532, 75 LE2d 1117) (1931).

See id.; *Taylor v. State.*[28] Accordingly, we vacate Forde's sentence and remand this matter to the trial court for resentencing.

*Judgment affirmed; sentence vacated, and case remanded for resentencing. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 28, 2008.

*Gerard B. Kleinrock,* for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney,* for appellee.

---

[28] *Taylor v. State,* 181 Ga. App. 199, 200 (2) (351 SE2d 723) (1986).