**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 23, 2019**

# In the Court of Appeals of Georgia

A19A0342. BRYSON v. THE STATE.

McMILLIAN, Judge.

Richard S. Bryson was convicted by a jury of two counts of aggravated child molestation, child molestation, incest, statutory rape, and cruelty to children in the first degree.[1] Bryson appealed, and this Court affirmed his conviction in an unpublished opinion on April 23, 2015. *Bryson v. State*, 332 Ga. App. XXVI (April 23, 2015) (unpublished). Three years later, on April 25, 2018, Bryson filed a pro-se

---

[1] Bryson was sentenced as follows: Count 1 – Aggravated Child Molestation – 30 years, with 20 to serve and the remainder on probation; Count 2 – Aggravated Child Molestation – 30 years in confinement, consecutive to that portion of the sentence in Count 1 to be served in confinement; Count 3 – Child Molestation – 20 years in confinement, concurrent with Count 1; Count 4 – Incest – 20 years in confinement, concurrent with Count 1; Count 5 – Statutory Rape – 20 years in confinement, concurrent with Count 1; Count 6 – Cruelty to Children in the First Degree – 10 years in confinement, concurrent with Count 1.

motion to vacate his sentences on Counts 1 through 5, arguing that his sentences were illegal and unauthorized under OCGA §§ 16-6-4, 17-10-6.1, and 17-10-6.2. The trial court denied his motion, and Bryson filed this pro-se appeal. As more fully set forth below, we now affirm in part and vacate in part and remand for resentencing.

1. We first address our jurisdiction to consider this appeal. Bryson filed his "Motion to Vacate a Sentence that is Unauthorized by Law" approximately five and one half years after he was originally sentenced, arguing that he should have been sentenced under the post-July 1, 2006 amended versions of OCGA §§ 16-6-4 (c), 17-10-6.1 (5), and 17-10-6.2 (b), which he says means he should have been sentenced to 25 years and life on probation on the aggravated child molestation charge in Count 1, and split sentences on the remainder of the sex offense counts. This Court has previously held that a sentence that does not comply with the OCGA § 17-10-6.2 split sentence requirement is void. *Hood v. State*, 343 Ga. App. 230, 233 (1) (807 SE2d 10) (2017); *Jackson v. State*, 338 Ga. App. 509, 510 (790 SE2d 295) (2016). Because Bryson has raised at least a colorable claim that his sentence is void, we have jurisdiction over this direct appeal from the denial of his motion. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010)

2

2. Turning to the question of whether Bryson was properly sentenced under the pre-2006 versions of the applicable statutes, which did not contain split sentence requirements, or whether Bryson should have been sentenced under the post-2006 versions, including the newly enacted OCGA § 17-10-6.2 split sentencing statute, we begin with the general principle that "a crime is to be construed and punished according to the provisions of the law existing at the time of its commission." *Fleming v. State*, 271 Ga. 587, 590 (523 SE2d 315) (1999). As to each of the offenses here, the indictment, which was read to the jury at trial, charged that the acts of aggravated child molestation, child molestation, statutory rape, and incest occurred between January 1, 2005 and March 19, 2007, "the exact date of the offense being unknown." It is well established that where a charge alleges a range of dates wherein the crime occurred without alleging that the dates are material averments, "the State is not confined to proof of a single transaction, but may prove or attempt to prove any number of transactions of the nature charged within the period[.]" (Citation and punctuation omitted.) *Bowman v. State*, 184 Ga. App. 197, 197 (2) 9361 SE2d 58) (1987). See also *State v. Layman*, 279 Ga. 340, 341 (613 SE2d 639) (2005).

At trial, the evidence showed that the victim was born on March 20, 1991, and that Bryson began committing the acts of oral and anal sodomy on her in 2000, when

3

she was around nine years old. Bryson began having sexual intercourse with the victim when she was around 13 or 14 years old, which would have been sometime in 2005, and the acts of sodomy and intercourse continued until the victim became pregnant and gave birth to Bryson's child in the early part of 2010. Thus, the State presented evidence that the crimes occurred both before and after the July 1, 2006 effective date of the amendments to the relevant sentencing statutes, and the general principle that a crime is to be punished using the sentencing statutes at the time of its commission does not resolve the issue of whether the pre or post-July 2006 sentencing statutes apply.

This Court has previously analyzed similar cases involving uncertainty in sentencing under the analytical framework of the rule of lenity. *Daniels v. State*, 320 Ga. App. 340, 344 (3) (739 SE2d 773) (2013). As our Supreme Court has explained,

> The rule of lenity applies where two or more statutes prohibit the same conduct while differing only with respect to the prescribed punishments. *Dixon v. State*, 278 Ga. 4, 7 (1) (d) (596 SE2d 147) (2004). According to the rule, "[w]here any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of the two penalties administered. . . . *Brown v. State*, 276 Ga. 606, 608-609 (2) (581 SE2d 35) (2003).

4

*White v. State*, 319 Ga. App. 530, 531 (2) (737 SE2d 324) (2013). Under the rule of lenity, then, we must compare the pre and post-2006 versions of the applicable statutes to determine which prescribes the lesser penalty. First, as to the offense of child molestation, among other changes, the post 2006 amendment eliminated the possibility that a person convicted of child molestation for the first time could receive a probated sentence, thus requiring anyone convicted of that crime to serve a mandatory minimum prison sentence of five years. Compare OCGA § 16-6-4 (b) (2005) with OCGA § 16-6-4 (b) (1) and OCGA § 17-10-6.2 (b) (providing that no portion of the mandatory minimum sentence for child molestation "shall be suspended, stayed, probated, deferred or withheld"). See also Ga. L. 2006, p. 379, § 11. Accordingly, Bryson was properly sentenced under the pre-2006 amendment version of the statute for child molestation.

As to the offense of aggravated child molestation, the legislature increased the possible sentence range from a minimum of ten/maximum of thirty years to "imprisonment for life or by a split sentence that is a term of imprisonment for not less that 25 years and not exceeding life imprisonment, followed by probation for life[.]" Compare OCGA § 16-6-4 (d) (1) (2005) with OCGA § 16-6-4 (d) (1) (2006). See also Ga. L. 2006, p. 379, § 11. Thus, Bryson is incorrect that the post-2006 law

5

"mandated" that he be sentenced to 25 years to serve and life on probation instead of the 30 years, 20 to serve sentence he received, since the post-2006 amendments would have authorized a harsher sentence of life in prison for that offense. Accordingly, Bryson was also properly sentenced under the pre-2006 amended version of OCGA § 16-6-4 (d) (1) for aggravated child molestation.

For the crime of incest, the legislature also increased the possible sentence range of incest from a minimum of one/maximum of twenty to a minimum of ten/maximum of thirty and "imprisonment for not less than 25 years nor more than 50 years" if the victim is less than 14 years of age. Compare OCGA § 16-6-22 (b) (2005) with OCGA § 16-6-22 (b) (2006). See also Ga. L. 2006, p. 379, § 14. Thus, the rule of lenity would require that Bryson be sentenced under the pre-amendment version of the statute since this was a crime that was clearly committed both before and after the amendment took effect.

In sum, pursuant to our established precedent, because Bryson could have been subject to harsher penalties under the post-2006 versions of the applicable sentencing statutes, he was appropriately sentenced under the prior law on his convictions for child molestation, aggravated child molestation, and incest. *Daniels*, 320 Ga. App. at 344 (3); see also *Davis v. State*, 323 Ga. App. 266, 275-76 (8) (746 SE2d 890)

(2013) ("under the rule of lenity, [defendant] cannot be given the higher sentence imposed for the offense of aggravated sexual battery by the version of OCGA § 16-6-22.2 (c) applicable after July 1, 2006[]" when it could not be determined if defendant was convicted for an act which was committed before of after the change in the law) (punctuation omitted); accord *Cody v. State*, 324 Ga. App. 815, 825 (3) (752 SE2d 36) (2013) (defendant properly sentenced to life imprisonment under version of OCGA § 16-6-4 effective July 1, 2006, since the indictment alleged the acts of aggravated child molestation were committed after July 1, 2006); *Ewell v. State*, 318 Ga. App. 812, 817 (3) (b) (734 SE2d 792) (2012) ("given . . . the possibility that the offense occurred prior to the 2006 amendment, the life sentence for [aggravated child molestation] was in error.") .

Nor can we simply apply the post-2006 split sentencing provisions in OCGA § 17-10-6.2 to the pre-2006 sentencing statutes. OCGA § 17-10-6.2 was enacted as a new provision in Georgia law and was specifically referenced in each of the revised versions of the sexual offense statutes to which it was made applicable. See Ga. L. 2006, p. 379, § 21 ("Said title is amended by adding a new Code section to follow OCGA § 17-10-6.1"); Ga. L. 2006, p. 379, § 11 ("[a] person convicted of a first offense of child molestation . . . shall be subject to the sentencing and punishment

7

provisions of Code Section 17-10-6.2 and 17-10-7.");" Ga. L. 2006, p. 379, § 14 ("Any person convicted under this code section of the offense of incest shall, in addition, be subject to the sentencing and punishment provisions of Code Section 17-10-6.2."). Thus, to apply the split-sentencing provisions to the pre-2006 law would require us to re-write the applicable statutes to make them subject to a statutory provision that did not even exist at the time the statutes were enacted. This we cannot do without contravening the plain meaning of the statutory text. We, thus, affirm the trial court's denial of Bryson's motion to vacate his sentences as to his convictions for child molestation, aggravated child molestation, and incest.

However, we reach a different result on Bryson's sentence for statutory rape. As to that crime, the minimum and maximum sentence range remained unchanged by the 2006 amendments, except the post-July 1, 2006 law required that the sentence include at least one year of probation as provided in OCGA § 17-10-6.2. Ga. L. 2006, p. 379, §§ 10, 21. Because Bryson was sentenced to the maximum of twenty years, his jail time would actually decrease under the post-2006 amendment since the maximum jail sentence the trial court could impose was 19 years to serve, followed by one year of probation, for a total of twenty years. *Hughes v. State*, 341 Ga. App. 594 (802 SE2d 30) (2017) (sentence void when 20-year prison sentence for statutory

rape did not include mandatory year of probation); *New v. State*, 327 Ga. App. 87, 108 (4) (755 SE2d 568) (2013) (defendant must be sentenced to a split sentence for each offense to which the split-sentencing statute applies). Thus, even though his total sentence would remain the same, the quality or degree of his punishment would be lessened under the post-2006 version. See *Watkins v. State*, 336 Ga. App. 145, 152 (5) (784 SE2d 11) (2016) (under 2006 version of OCGA § 17-10-6.2, trial court was required to impose a split sentence that includes at least the minimum term of imprisonment and at least one year of probation, for a total of no more than the maximum prescribed sentence); *Spargo v. State*, 332 Ga. App. 410, 411-12 (773 SE2d 35) (2015) (same). Because Bryson could have been convicted of statutory rape based on acts that were committed both before or after the change in the law,[2] Bryson's sentence for statutory rape must be vacated and the case remanded for resentencing pursuant to OCGA § 17-10-6.2 and in accordance with this opinion.

*Judgment of conviction affirmed, sentence affirmed in part, vacated in part, and case remanded for resentencing. McFadden, P. J., and Goss, J., concur*.

---

[2] The victim turned 16 on March 20, 2007, and the indictment alleged the crime of statutory rape occurred between January 1, 2005 and March 19, 2007.

9