# Court of Appeals
# of the State of Georgia

ATLANTA,  September 14, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1493. KOATKI FELDER v. THE STATE.**

In 1994, Koatki Felder entered a negotiated guilty plea to two counts of selling cocaine and was sentenced to life imprisonment on each count, with the sentences to run concurrently. Twenty-eight years later, in March, 2022, Felder filed a motion to modify his sentence. The trial court denied that motion, and Felder then filed this appeal. We, however, lack jurisdiction.

A "sentencing court generally has jurisdiction to modify . . . a sentence [of imprisonment] only for one year following the imposition of the sentence. OCGA § 17-10-1 (f)." *von Thomas v. State*, 293 Ga. 569, 571-573 (2) (748 SE2d 446) (2013). Thereafter, an appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas* 293 Ga. at 572 (2). When a sentence is within the statutory range of punishment, it is not void. *Jones*, 278 Ga. at 670.

In support of his motion to modify, Felder points to the fact that in 1996, the General Assembly amended the relevant statute to provide that a first conviction for the sale of cocaine was punishable by a maximum sentence of  30 years

imprisonment. See OCGA § 16-13-30 (d). Felder's crimes, however, had to be "punished according to the provisions of the law existing at the time of [their] commission." *Ewell v. State*, 318 Ga. App. 812, 816 (3) (a) (734 SE2d 792) (2012) (punctuation omitted). See *Widner v. State*, 280 Ga. 675, 676-677 (1, 2) (631 SE2d 675) (2006); *Canales v. State*, 359 Ga. App. 750, 754-755 (860 SE2d 66) (2021). And Felder does not dispute that the law in effect at the time he committed the crimes at issue allowed a sentence of life in prison on each count. Felder, therefore, has not raised a colorable argument that his sentence is void, and thus the trial court's denial of his motion to modify his sentence is not subject to direct appeal. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Accordingly, this appeal is DISMISSED.



Court of Appeals of the State of Georgia

      Clerk's Office, Atlanta,  *09/14/2022*

      I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

      Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.